UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:15-cv-00194-MOC
Related Bankruptcy Case: 11-10053

| | | |
|---|---|---|
| BILTMORE INVESTMENTS, LTD., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| TD BANK, N.A., | ) | |
| | ) | |
| Appellee. | ) | |

**THIS MATTER** is before the court on Appellant Biltmore Investments, LTD.'s, ("Biltmore") "Motion for Leave to Appeal Pursuant to 28 U.S.C. § 158(a)(3) and Stay Pending Appeal Or Expedited Briefing Schedule" (#2), which was filed on September 3, 2015. Appellee filed a "Limited Response and Objection" (#3)[1] on September 15, 2015, largely raising objections to the way that Appellant sought a stay of the Bankruptcy Order at issue in its motion. This matter was reassigned to the undersigned on October 2, 2015 and the court has reviewed the motion and response.

Here, Appellant has filed a Motion for Leave to Appeal pursuant to Fed. R. Bankr. P. 8004, which governs appeals from interlocutory orders of the Bankruptcy Court. Appellant has provided, in accordance with such rule, the facts necessary to understand the question presented; the question itself; the relief sought; a brief statement of reasons why leave to appeal should be granted; and a copy of the interlocutory order. Appellant did not attach a brief or any supporting

---

[1] It appears that TD Bank filed an identical motion in Bankruptcy Court, which the Bankruptcy Court then transmitted to this court's docket. See (#4).

memorandum of law setting forth legal arguments or relevant cases for the court's consideration to such motion. To the extent that Appellant seeks an "expedited briefing schedule," as indicated in the title of the motion, the court will allow Appellant fourteen (14) days to so file a supporting brief. That brief should include reference to all supporting legal authority that Appellant wishes the court to consider in determining whether to grant leave to appeal. See, e.g., In re Robinson, No. 1:10CV226, 2011 WL 1695914, at *3 (W.D.N.C. May 3, 2011); In re Biltmore Investments, Ltd., No. 1:15-CV-00113-MOC, 2015 WL 5567561, at *3 (W.D.N.C. Sept. 22, 2015) (discussing the standards that a district court considers when determining whether to grant leave to appeal). Appellee will have fourteen (14) days to so respond. The parties are advised that this court is accustomed to receiving supporting briefs along with any motions before the court. See LCvR 7.1(C) ("Requirement of Briefs. Briefs shall be filed contemporaneously with the motion…"). In other words, when a party files a motion, it need not wait for the court to set a briefing deadline. If Appellant wishes to "expedite" the briefing schedule, it may file a supporting brief as soon as it wishes, and such filing will trigger the 14-day response window for Appellee.

To the extent Appellant seeks to stay the Bankruptcy Order at issue, such request is governed by Fed. R. Bankr. P 8007. Appellant must argue the issue of the stay in its brief as well, as it has offered no reason why a stay should be granted by this court in its motion. As Appellee points out in his response, Fed. R. Bankr. P. 8007(a)(1)(A) provides that, "[o]rdinarily, a party must move first in the bankruptcy court for …a stay of a judgment, order, or decree of the bankruptcy court pending appeal." Review of the Bankruptcy Record indicates that Appellant

made no such motion. Thus, if Appellant seeks a stay from this court under Fed. R. Bankr. P. 8007(b), which governs motions to stay in district court, it must:

> (A) show that moving first in the bankruptcy court would be impracticable; or
> (B) if a motion was made in the bankruptcy court, either state that the court has not yet ruled on the motion, or state that the court has ruled and set out any reasons given for the ruling.

Fed. R. Bankr. P. 8007(b)(2). Appellant must also include: (A) the reasons for granting the relief requested and the facts relied upon; (B) affidavits or other sworn statements supporting facts subject to dispute; and (C) relevant parts of the record. Fed. R. Bankr. P. 8007(b)(3). Appellant must also provide the court with legal authority in support of its motion to stay.

## ORDER

**IT IS, THEREFORE, ORDERED** that Appellant file a brief in support of its Motion for Leave to Appeal and Stay Pending Appeal (#2) within 14 days of this Order. Appellee shall have 14 days to so respond. There will be no reply.

**IT IS FURTHER ORDERED** that the Clerk of Court enter such deadlines in ECF accordingly.

Signed: October 9, 2015

Max O. Cogburn Jr.
United States District Judge