UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:15-cv-00194-MOC
Related Bankruptcy Case: 11-10053

| | |
|---|---|
| **BILTMORE INVESTMENTS,** ) | |
| ) | |
| Appellant, ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| **TD BANK, N.A.,** ) | |
| ) | |
| Appellee. ) | |

**THIS MATTER** is before the court on Appellant Biltmore Investments, LTD.'s, ("Biltmore" or "Debtor") "Motion for Leave to Appeal Pursuant to 28 U.S.C. § 158(a)(3) and Stay Pending Appeal Or Expedited Briefing Schedule" (#2) and the associated brief for the Motion for Leave to Appeal (#6). Biltmore previously moved to withdraw (#6) the "Motion for Stay Pending Appeal" portion of its initial motion (#2), which the court granted (#7). TD Bank, N.A. ("TD Bank") has filed a timely response to the Motion for Leave to Appeal (#8), making this matter ripe for review. By the instant Motion (#2), Biltmore seeks to appeal the following Orders entered by the Honorable George R. Hodges, United States Bankruptcy Judge:

1. August 10, 2015 Order Granting Motion to Determine Settlement Amount Due Creditors entered (Bankr. Doc. No. 321); and

2. August 14, 2015 *Amended* Order Granting Motion to Determine Settlement Amount Due Creditors (Bankr. Doc. No. 323).

Having considered the matter and reviewed the pleadings, the court finds that for the reasons explained herein, the Orders that Biltmore seeks to appeal are final orders that are appropriate for

a direct appeal to this court, not an interlocutory appeal. Given the nature of bankruptcy appeals and the fact that several procedural steps must be taken before the court can adjudicate the merits of a direct appeal, the court will direct the parties to file the appropriate motions with the Bankruptcy Court so that the appellate record may be transmitted to this court. At that time, the court will set briefing deadlines for the matter on direct appeal so that the case is properly before the court.

## I. Background

Biltmore correctly states by its motion that this court is somewhat familiar with the facts of the underlying Bankruptcy proceedings, this being the third appeal to this court from such proceedings. Generally stated, the relevant facts to this matter are as follows. Biltmore filed its Petition in Bankruptcy Court on January 26, 2011 and is operating under a Chapter 11 Plan confirmed on April 2, 2013 (Bankr. Doc No. 133). Among other things, the Plan describes two then-pending adversary proceedings and states, "[i]n the event there is a cash recovery in either pending adversary proceeding, the net proceeds will be split between the creditors and the Debtor-in-Possession on an equal basis." (Id. at p. 4). On January 24, 2014, Biltmore entered into a Settlement Agreement and Release ("Settlement Agreement") with David D'Anza and other parties (one of the adversary proceedings, Case No.11-01021), which required those parties to pay Biltmore $1,300,000 within 30 days ("Recovered Funds"). Upon a motion from Biltmore (Bankr. Doc. No. 160), the Bankruptcy Court entered an Order on February 25, 2014, approving the terms of the Settlement Agreement and an award of attorneys' fees, consisting of a contingent fee equal to one-third of the Recovered Funds. (Bankr. Doc. No. 171). While Biltmore received the $1,300,000 in Recovered Funds, it did not make any payments to TD

Bank, though it states that it had ongoing conversations with all of its creditors for nearly a year after closing the settlement about how to distribute the creditors' share of the settlement. See ((#6) at p. 2).

On December 19, 2014, TD Bank filed a "Motion for Order Enforcing Chapter 11 Plan," asking the Bankruptcy Court to compel Biltmore to distribute a portion of the Recovered Funds to TD Bank. (Bankr. Doc. No. 208). After a hearing, the Bankruptcy Court entered an Order on March 31, 2015 granting TD Bank's Motion ("Enforcement Order"). (Bankr. Doc. 248). In that Enforcement Order, the Bankruptcy Court held:

> 25. The Court finds that the Debtor has failed to comply with the terms of its confirmed Plan. The Debtor has been in possession of the Recovered Funds for over a year but has failed to distribute any of the Recovered Funds to TD Bank.
> …
> 30. The Plan language clearly provides that the Recovered Funds "will" be split between the Debtor and the creditors on an equal basis. The term "will" is mandatory and affords the Debtor no discretion in this matter.
> …
> 32. The Debtor has an obligation to perform according to the terms of its confirmed Plan and that requires it to distribute 50% of the net proceeds of the Recovered Funds to all of its creditors, including TD Bank.

(Id. at ¶¶ 25, 30, 32). The Bankruptcy Court then instructed:

> 35. At this time, the Court will reserve ruling on the exact amount to which TD Bank is entitled. The Debtor is directed to make a distribution to TD Bank within 10 days of entry of this Order. The distribution shall be for the full amount to which TD Bank is entitled consistent with the terms of the Plan.
>
> 36. If the Debtor's payment to TD Bank is for less than the amount to which TD Bank contends that it is entitled under the Plan, then TD Bank or the Debtor may file a motion with the Court for this Court to determine (1) the dollar amount represented by 50% of the net proceeds of the Recovered Funds and (2) the formula to be used for payment of TD Bank and the other creditors from that amount.

(Id. at ¶¶ 35-36).

On June 25, 2015, TD Bank filed a "Motion for an Order Finding Debtor in Default under Chapter 11 Plan or, in the alternative, Motion to Determine Settlement Amount Due Creditors." (Bankr. Doc No 292). By that Motion, TD Bank argued that the amount calculated by Biltmore to be distributed to creditors ($115,832.01) was in error, and that the amount of the settlement proceeds distributed to TD Bank (and other creditors) was not in conformance with the Chapter 11 Plan. (Id.) On August 10, 2015, the Bankruptcy Court entered an Order granting TD Bank's Motion to Determine Settlement Amount Due Creditors, and directing that Biltmore place Three Hundred Seventeen Thousand Five Hundred One and 32/100 Dollars ($317,501.32) into a trust account for distribution under the terms of the Debtor's Plan to its creditors. (Bankr. Doc. No. 321 at Order ¶ 3). The Bankruptcy Court entered an amended Order on August 14, 2015, adding a *pro forma* outlining the proposed distribution amounts to all of the creditors, which was calculated on a *pro rata* basis. (Bankr. Doc. No. 323). That Order invited all parties to file comments or objections to the *pro forma* within 30 days. (Id. at ¶ 59). No party filed any objections. Biltmore filed its Notice of Appeal of those orders on August, 24, 2015. (Bankr. Doc. No. 324).

By the instant Motion (#2), Biltmore seeks reversal of these Orders. Biltmore states the following "points of disagreement" with the Bankruptcy Court Orders:

1) The Court adopts a meaning of "net proceeds" which does not take into account the substantial tax liability attributed to the settlement. Biltmore contends that the Court should have arrived at "net proceeds" by taking the taxes off the top as an expense.
2) In calculating the amount to be paid to TD Bank and others, Biltmore was not given credit at all for the payment that it had made to TD Bank of One Hundred Eleven Thousand and no/100 ($111,000.00) Dollars in compliance with the Court's Order from April, 2015.
3) The allocation of payments between creditors on a pro-rata basis, while perhaps fair on its face, was inconsistent with the Biltmore business plan, was not

> anticipated in Biltmore's confirmed Plan, and was not adopted by any of the
> creditors other than TD Bank.

See ((#6) at p. 2). Biltmore contends that the action taken by the Bankruptcy Court amounted to an actual modification of the Chapter 11, which is not authorized under the Bankruptcy Code. In addition to reversal, Biltmore seeks a declaration by this court that the Debtor's Plan may only be modified by Biltmore alone, that Biltmore retains authority to determine the specifics of the distribution of the fund, and that the Bankruptcy Court's mandate represents an unauthorized modification of the Chapter 11 Plan. See (#2) at ¶ 2.

## II. Standards for Motion for Leave to Appeal

Appeals from bankruptcy proceedings are governed by 28 U.S.C. § 158(a), which provides, in pertinent part:

> The district courts of the United States shall have jurisdiction to hear appeals:
>
> (1) from final judgments, orders, and decrees;
>
> …
>
> (3) with leave of the court, from other interlocutory orders and decrees.

Id. An order is "final" if it "resolve[s] the litigation, decide[s] the merits, settle[s] liability, establish[es] damages, or determine[s] the rights of ... one of the parties." In re Looney, 823 F.2d 788, 790 (4th Cir. 1987). The standard for finality of bankruptcy court orders is generally more relaxed from that of non-bankruptcy district court orders under 28 U.S.C. § 1291. See A.H. Robins Co. v. Piccinin, 788 F.2d 994, 1009 (4th Cir.1986); 16 Charles Alan Wright, Arthur Miller, & Edward H. Cooper, Federal Practice and Procedure § 3926.2 (3d ed. 2015) ("Virtually all decisions agree that the concept of finality applied to appeals in bankruptcy is broader and

more flexible than the concept applied in ordinary civil litigation."). Thus, "'orders in bankruptcy cases may be immediately appealed if they finally dispose of discrete disputes within the larger case.'" In re Computer Learning Centers, Inc., 407 F.3d 656, 660 (4th Cir. 2005) (quoting In re Saco Local Dev. Corp., 711 F.2d 441, 444 (1st Cir.1983)).

When a party seeks to appeal an order of the Bankruptcy Court that is not final, it must proceed under 28 U.S.C. § 158(a)(3) and seek leave to appeal such interlocutory order. "In seeking leave to appeal an interlocutory order or decision [of the Bankruptcy Court], the appellant must demonstrate that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." In re Robinson, No. 1:10CV226, 2011 WL 1695914, at *3 (W.D.N.C. May 3, 2011) (quoting KPMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd., 250 B.R. 74, 78 (E.D.Va. 2000)). District courts in this circuit employ an analysis similar to that employed by the Court of Appeals in certifying interlocutory review under 28 U.S.C. § 1292(b) when deciding whether to grant leave to appeal an interlocutory order of the Bankruptcy Court. See Atlantic Textile Group, Inc. v. Neal, 191 B.R. 652, 653 (E.D.Va. 1996). A motion for leave to appeal an interlocutory order should be granted only when (1) it involves a controlling question of law, (2) as to which there is substantial ground for a difference of opinion, and (3) and an immediate appeal would materially advance the termination of the litigation. See id.; In re Robinson, 2011 WL 1695914, at *3; In re Pawlak, 520 B.R. 177, 182 (D. Md. 2014); 28 U.S.C. § 1292(b). All three elements must be satisfied in order for a district court to grant leave to appeal an interlocutory decision. KPMG Peat Marwick, 250 B.R. at 79.

**III.    Discussion**

By its Motion for Leave to Appeal, Biltmore argues that leave to appeal from this court is appropriate because the practical effect of the Bankruptcy Court Orders requiring Biltmore to distribute $317,501.32 to its creditors under the terms of the Debtor's Plan is to "virtually guarantee that Biltmore will default under the Plan and to terminate any prospects that Biltmore will reorganize." (#6 at p. 3). Biltmore makes little attempt at showing why the Orders it seeks to appeal involve controlling questions of law as to which there is substantial ground for difference of opinion, but does argue that an immediate appeal would materially advance the termination of the litigation because Biltmore cannot substantially consummate its Plan and close this case until the issues regarding distribution of the settlement are resolved. Biltmore contends that the Order appealed from modifies the Chapter 11 Plan in a manner which makes it no longer feasible.

The court finds that Biltmore assumes, without offering any explanation, that the Orders it seeks to appeal are interlocutory. As TD Bank notes in its response, while the Orders that Biltmore seeks to appeal were interlocutory in nature at the time of appeal, they are now final Orders because the time for objections to the *pro forma* outlining the proposed distribution to creditors expired on September 14, 2015. As the Orders currently stand, nothing remains for the Bankruptcy Court to do except enforce their terms. TD Bank thus argues, and the court agrees, that the Order "finally dispose[s] of discrete disputes within the larger case," <u>In re Computer Learning Ctrs.</u>, 407 F.3d at 660, to wit, how much money from the Recovered Funds each party is entitled to under the terms of the Chapter 11 Plan. In this court's opinion, the Orders mandating that Biltmore pay a certain sum of the Recovered Funds into a trust account conclusively "determines[s] the rights of…the parties," to such funds under the Chapter 11 Plan.

In re Looney, 823 F.2d 788, 790 (4th Cir. 1987). The court thus finds that the Orders Biltmore seeks to appeal are final Orders subject to a direct, not interlocutory, appeal. Accordingly, the court will proceed with this matter as a direct appeal pursuant to 28 U.S.C. § 158(a)(1) and instruct the parties to take the necessary procedural steps to bring the matter appropriately before the court.[1] The court therefore enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Appellant's "Motion for Leave to Appeal Pursuant to 28 U.S.C. § 158(a)(3)" (#2) is **DENIED, as leave is not required**, and the parties are instructed to proceed with this appeal as a direct appeal pursuant to 28 U.S.C. § 158(a)(1).

**IT IS FURTHER ORDERED THAT** within 14 days of this Order, Appellant file with the Bankruptcy Court the designation of items to be included in the record on appeal and a statement of the issues to be presented in conformance with Fed. R. Bankr. P. 8009(a)(1). Appellee shall have 14 days to file additional designation of items if it so chooses, in conformance with Fed. R. Bankr. P. 8009(a)(2). Once the court receives the record from the

---

1 TD Bank also argues that any appeal in this matter will be moot because Biltmore failed to object to the *pro forma* in Bankruptcy Court per the express Order of the Bankruptcy Court. See (#8 at p. 3) (citing Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993)) ("issues raised for the first time on appeal generally will not be considered."). Biltmore maintains, however, that it objected to the court's actions. See ((#6) at p. 3) ("Biltmore contends that the action taken by the Bankruptcy Court in directing Biltmore to make specific dollar and cents distribution to named creditors amounted to an actual modification of the Biltmore's Chapter 11 Plan. Especially since the action taken was over Biltmore's objections, Biltmore contends that Bankruptcy Court was without authority to rewrite, change, or add components to Biltmore's Chapter 11 Plan."). Biltmore clearly opposed TD Bank's "Motion for Order Finding Debtor in Default Under Chapter 11 Plan or, in the Alternative, Motion to Determine Settlement Amount Due Creditors" (Bankr. Doc. No. 292), as indicated by its responsive filings in the Bankruptcy Court, see (Bankr. Doc. No. 298), and its arguments at the hearing asking the Bankruptcy Court to deny TD Bank's Motion. See (Transcript of July 22, 2015 hearing (Bankr. Doc. No. 311 at p. 44-45)). Thus, it appears to the court that Biltmore may have preserved its objection to all actions taken by the Bankruptcy Court on TD Bank's Motion by clearly opposing it in its papers and at oral argument. At this point, the court will not dismiss this appeal based on Biltmore's failure to object to the terms of the *pro forma*, given that Biltmore clearly indicated that it did not want to court to enter any such *pro forma* at all. However, if TD Bank wishes to renew its argument on this matter in its brief on direct appeal and offer the court additional legal authority in support of its position, it may do so.

Bankruptcy Clerk pursuant to Fed. R. Bankr. P. 8010(b), the court will set briefing deadlines in accordance with Fed. R. Bankr. P. 8018, thereby allowing the parties to offer the court any additional legal authority it wishes to be considered in the substance of this appeal.

Signed: November 19, 2015

Max O. Cogburn Jr
United States District Judge