UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:15-cv-00194-MOC

| | |
|---|---|
| **BILTMORE INVESTMENTS, LTD.,** | ) |
| Appellant, | ) |
| Vs. | ) **ORDER** |
| **TD BANK, N.A.,** | ) |
| Appellee. | ) |

**THIS MATTER** is before the court on the following motions: Appellee TD Bank, N.A's Motion to Dismiss Appeal for failure to file Appellant's Brief (#15); Appellant Biltmore Investments, Ltd.'s Motion to Dismiss Appeal (#16), which was filed by attorney Edward Hay, counsel for Biltmore; Biltmore's Motion for Leave to File Response to Motion to Dismiss Appeal (#18), filed by attorney Scott Tufts, also counsel of record for Biltmore; and Appellant's Renewed Motion to Dismiss Appeal (#20), filed by Attorney Hay on behalf of Biltmore.

**I.  Factual Background**

As recounted in this court's prior Order (#14), this bankruptcy appeal was filed in September 2015 and this court set a briefing schedule on December 31, 2015. On January 12, 2016, the court granted Appellant's Motion to extend the briefing schedule and allowed Appellant an additional sixty (60) days to file its brief, making the deadline March 25, 2016. See (#13). Appellant failed to file a brief within the time allowed. Chambers staff conferred with all counsel of record by e-mail on April 4, 2016 about the missed briefing deadline, and requested that the parties provide the court with information as to the status of this case and an explanation

as to the missed deadline. After another week passed without any additional explanation or filing from Appellant, the court scheduled a status conference for May 4, 2016 and Ordered that all counsel of record appear in this matter. See (#14). At that May 4 hearing, Lance Martin, counsel of record for TD Bank, and Ed Hay, counsel of record for Biltmore, appeared. Attorney Tufts did not attend, did not notify the court in advance of his inability to attend, and did not seek leave from the court not to attend. Attorney Hay stated at the hearing on behalf of Biltmore that he believed that the issues in this appeal were moot. Attorney Martin reiterated the position of TD Bank that this appeal should be dismissed in light of Appellant's failure to file a brief. The court allowed the parties time to meet and attempt to come to a joint resolution of this matter. As is obvious by the parties' separately filed Motions to Dismiss, though the parties have consented that this appeal should be dismissed, they offer different reasons for the dismissal.

While those Motions were under consideration, the court then received a "Motion for Leave to File Direct Response to Appellee T.D. Banks's Response to Motions to Dismiss," (#18), which was filed by Attorney Tufts and which did not include the signature or a Certificate of Service as to co-counsel Hay. It was unclear if the Motion was submitted on behalf of Attorney Tufts, individually, or on behalf of Biltmore, or both. The Motion contains many grievances that extend beyond the Bankruptcy Court Orders that are the subject of this appeal but appears to seek three forms of relief in its Motion.

First, the Motion seeks leave "to file a direct response to Appellee TD Bank's Response to Motions to Dismiss." See (#18) at p. 1. As Local Civil Rule 7.1(E) allows a reply to a response to a motion within seven days of service of the response, Biltmore does not need leave to respond. The court will therefore deny the motion as moot. Second, Biltmore requests that the

Court order mediation of this case. Local Civil Rule 16.2(b) specifically states that bankruptcy appeals are not suitable for alternative dispute resolution and are not subject to a mandatory mediated settlement conference. The court, finding no reason to believe that mediation would be beneficial in this case, will therefore deny the Motion in that regard. Third, the Motion requests that if the court does not order mediation, then it allow "an appeal be permitted to be briefed." (#18 at ¶ 41).

Given that Biltmore, through Attorney Hay, filed a Motion to Dismiss the Appeal (#16) and represented to the court at the status conference that the appeal was moot, and then Biltmore, through Attorney Tufts, asked the Court to allow this appeal to proceed and be briefed, the court's chambers' staff e-mailed all counsel of record on May 27, 2016, noting that co-counsel for Biltmore appeared to be requesting different avenues of relief from the court. The court allowed co-counsel over ten days to confer, come up with an explanation as to why the same party was requesting opposing means of relief through two different attorneys, and directing them to jointly file a motion stating the relief requested on behalf of Biltmore. After the ten-day time period, Attorneys Hay and Tufts represented that they were unable to come to agreement as to the relief requested.

On June 17, Attorney Hay filed a renewed Motion to Dismiss (#20), stating his reasons that he believed this appeal should be dismissed. Attorney Hay explained that this Appeal stemmed from an Order of the Bankruptcy Court entitled "Order Granting Motion to Determine Settlement Amount Due Creditors" dated August 10, 2015, as amended on August 14, 2015. That Order resolved issues raised by TD Bank regarding Biltmore's obligation to disburse funds recovered by Biltmore by way of settlement of litigation. Specifically, the Order directed Biltmore to pay the sum of $317,501.32 for the benefit of TD Bank, and provided that failure by Biltmore to comply with

the Order would constitute an event of default under Biltmore's Chapter 11 Plan, entitling TD Bank to immediately pursue their normal legal non-bankruptcy remedies, including foreclosure of their collateral. Biltmore did not comply with the direction to pay the funds set by the Court, and TD Bank gave notice of the default under the Chapter 11 Plan. Subsequently, TD Bank successfully completed the foreclosure on its collateral, which represented the principal asset of Biltmore. Biltmore states that the reasons it sought this appeal were premised on arguments that: 1) the Bankruptcy Court lacked the authority to in effect modify Biltmore's Chapter 11 Plan to provide for payment other than as provided in the Plan; and 2) certain findings by the Bankruptcy Court in regard to the calculation of the amount due were incorrect. Biltmore did not seek a stay of the August 14, 2015 Order and acquiesced in the entry of default and subsequent foreclosure. Biltmore states that the relief sought by TD Bank in its Motion for an Order finding Biltmore in default under Chapter 11 Plan has been established, TD Bank has proceeded against its collateral, and there is no further action to be taken by TD Bank under the terms of the Order. Attorney Hay therefore believes that because of the subsequent default in the Chapter 11 Plan, and the foreclosure by TD Bank of its lien on the primary assets of Biltmore, this matter is moot. TD Bank stated in its Response (#22) to Biltmore's Renewed Motion to Dismiss that if the purpose of this appeal was to protect the real estate comprising the Bearwallow Mobile Home Park (Appellant's primary asset), then the appeal is moot because TD Bank, through a substitute trustee, has completed its foreclosure on the property and the property has been conveyed to new owners.

Attorney Tufts filed a "Notice of Filing and Response to Court's Request" (#21) on June 17, 2016. Notably, that document was not a Motion and did not request any particular avenue of relief. That Notice stated that new counsel was being engaged to represent Biltmore in the ongoing dispute between Biltmore and TD Bank, including a lawsuit filed in this court on May 27, 2016. See (1:16-

cv-144).[1] The Notice did not set forth any substantive reasons as to why this appeal, which has been open for nine months without any brief being filed setting forth the legal arguments on appeal, should remain open. As there is no relief requested in that Notice, the court cannot make a ruling on it one way or another.

## II. Discussion

Having considered the Motions to Dismiss filed by Appellant and Appellee (via Attorney Hay), as well as the Notice by Attorney Tufts, the court will dismiss this matter without prejudice. Based on the representations of Attorney Hay, Biltmore's grievances with the Bankruptcy Court's Order are no longer at issue. Attorney Tufts has presented the court with no legal argument otherwise. Appellee agrees that the appeal is moot. Thus, there is little for the court to decide here. Because the court finds that this matter is moot, the court will not address the issue of whether this appeal should also be dismissed based on Appellant's failure to file a brief in accordance with Fed. R. Bankr. P. 8018(a)(4). See id. (providing that "[i]f an appellant fails to file a brief on time or within an extended time authorized by the district court or BAP, an appellee may move to dismiss the appeal—or the district court…after notice, may dismiss the appeal on its own motion."). The court therefore enters the following Order.

---

1 The court notes that new counsel for Biltmore (Elisabeth MurrayObertein) contacted chambers' staff by phone on June 21, 2016, stating that she had been recently retained and was unsure whether to make an appearance in this case. After being advised that it was not the role of the court to make any suggestions as to whether or not she should make an appearance in the case, counsel stated that she was going on vacation and would follow up by June 24 to inform the court as to what she wished to do. Counsel also e-mailed chambers' staff on June 22 to follow up in writing as to the phone call; counsel was advised that if she wished to make an appearance or file any motions before the court, she should do so by Monday, June 29, 2016. As of the date of this Order, Ms. MurrayObertein has neither made an appearance in this case nor filed any motions. Having no reason to believe that any additional motion is forthcoming, the court will not delay making its ruling on this case, which has long since become ripe.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1) Appellee TD Bank, N.A's Motion to Dismiss Appeal for failure to file Appellant's Brief (#15) is **DENIED**;

2) Appellant Biltmore Investments, Ltd.'s Motion to Dismiss Appeal (#16) filed by attorney Edward Hay is **GRANTED**;

3) Biltmore's Motion for Leave to File Response to Motion to Dismiss Appeal (#18), filed by attorney Scott Tufts is **DENIED**; and

4) Appellant's Renewed Motion to Dismiss Appeal (#20), filed by Attorney Hay on behalf of Biltmore is **GRANTED**.

**IT IS FURTHER ORDERED THAT** this appeal is **DISMISSED** without prejudice.

Signed: June 29, 2016

Max O. Cogburn Jr.
United States District Judge